UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JENNY CHOW, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER: 19-13217** |
| **UNITED STATES, ET AL** | **SECTION: "B"(2)** |

### ORDER AND REASONS

Following an exhaustive review of parties' submissions, taking judicial notice of all cases and exhibits cited in and attached to the complaint, instant motions, responses in opposition and replies, along with applicable law, the written record is sufficient to issue the following order and reasons on all pending motions. Accordingly, **IT IS ORDERED** that:

1. The opposed motion to dismiss for lack of *in personam* jurisdiction filed by Thomas Yerbich ("Yerbich" or "Movant") is **GRANTED**, Rec. Doc. 9. The challenged conduct against movant all occurred in Alaska, with no substantial connection or minimally sufficient contacts in Louisiana. *Johnson v. Multidata Sys. Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). Conspiracy theories asserted here do not create nationwide personal jurisdiction over parties. The exercise of personal jurisdiction over this nonresident-movant would offend traditional notions of fair play and substantial justice. *Id.*; *See also Arthur v. Stern*, 2008 WL 2620116, at * 10 n. 5 (S.D. Tex. June 26, 2008) (noting that the Fifth Circuit rejected the idea that one conspirator's contacts may be automatically attributed to another, citing Delta Brands Inc. v. Danieli Corp., 99 Fed. Appx. 1, 5 (5th Cir.2004)). To exercise personal jurisdiction over a nonresident defendant, two requirements must be met. First, the nonresident defendant must be amenable to service of process under a State's long-arm statute. *Jones v. Petty–Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061, 1067 (5th Cir.1992). Second, the assertion of in personam jurisdiction must be consistent with the 14th Amendment's due process clause. *Id*.

Opponents fail to show that the Louisiana Supreme Court would exercise jurisdiction under instant conspiracy theories and even if it did, notions of fair play and due process would be offended under the circumstances alleged here.  Additionally, similar claims brought by Jenny Chow and Peter Chow (hereinafter at all times "Chows" or "Opponents") against movant were previously dismissed for similar reasons by the Superior Court of California in 2016.  See Rec. Doc. 9-1, pp. 1-2.  The Chows accuse the Superior Court of California of holding "secret" proceedings and failing to afford due process protections to opponents when their claims were dismissed for lack of personal jurisdiction over movant(s). To the extent the Chows attack the validity of prior state court rulings, such attack is not cognizable in federal court under the Rooker-Feldman doctrine.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005); *Truong v. Bank of Am., N.A.,* 717 F.3d 377, 382 (federal courts do not have the power to modify or reverse state court judgments).  Further, state-law preclusion principles would likely control if opponents' attack is construed as a denial of a legal conclusion that the state court reached in a case to which they were parties. *Id.*;

2.  The opposed motions to dismiss filed by Dyna Argentina Garcia ("Garcia") and Allstate Insurance Company (collectively as "Movants") are GRANTED. Rec. Docs. 15 & 21.  The challenged conduct against movants appears to involve an automobile accident that occurred in California, between drivers with no relevant connections or minimally sufficient contacts in Louisiana.  The Chows conclude the accident arose from a conspiracy to harm them and involves spy satellites with mind reading capabilities, laser beams and surveillance of their movements as causative factors.  Rec. Doc. 29. They also conclude that two judges committed treason and misprision of felony by acting without jurisdiction or failing to stop another judge from presiding over the related lawsuit in the Superior Court of California.  The Chows

reference their attempt for the involvement of the Federal Bureau of Investigation in New Orleans and their request to get a Louisiana congressman and other members of Congress to "exercise jurisdiction" over the California court. They claim the failure of officials to act also evidences their conspiracy claims and jurisdiction in this and other federal courts.  As shown *infra*, the same claims have been summarily dismissed by every court that the Chows have sought redress.

Opponents' conclusory allegations fail to show that movants contacts in Louisiana arise from, or are directly related to, the California auto accident or conspiracy cause of action. *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994).  Similarly, opponents' fail to show any continuous or systematic contacts by Garcia, Allstate's insured, with the forum state, Louisiana. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). Opponents fail to show that any of the automobile accident events occurred in Louisiana and no factual support have been shown of a conspiratorial agreement and an act in furtherance of same.  Requiring Garcia to defend this action in Louisiana would impinge on her individual liberty interests—not to be subjected to suits in a distant forum with which she has no connection—that are protected by the Due Process Clause. See *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702 n. 10, 102 S.Ct. 2099, 2104 n. 10, 72 L.Ed.2d 492 (1982);

3.   The City of Pomona (the "City") and Alvarez-Glasman & Colvin ("AGC") (former City Attorney) (Collectively, "Movants") opposed motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6) is GRANTED. Rec. Doc. 16.  The complaint shows that none of the parties reside in the State of Louisiana.  It also shows that none of the events occurred in the State of Louisiana and none of the movants availed themselves to the

benefits or protection of its laws. Therefore, this forum has no personal jurisdiction over movants. *International Shoe Co. v. State of Washington*, 326 U.S. 310, 319 (1945). Venue is also lacking here. 28 U.S.C. § 1391. Opponents accuse movants with committing treason and misprision of felony treason during litigation in the Superior Court of California. That court dismissed opponents' claims that the City tampered with their water meter and engaged in fraudulent billing practices. That dismissal was granted pursuant to a motion filed by AGC on behalf of its client, the City. There is no private right of action under law for opponents to prosecute instant accusations against movants. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619, 93 S. Ct. 1146, 1149, 35 L. Ed. 2d 536 (1973) (a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another); *Hale v. Members of House & Senate of U.S.*, 5:12-CV-395-OC-34PRL, 2012 WL 5430962, at *1, Report and Recommendation adopted, 2012 WL 5430978 (M.D. Fla. Nov. 7, 2012).

Moreover, as a result of prior rulings in state and federal courts, opponents have brought and lost all substantially similar claims for treason and conspiracy against movants and other parties herein. See Exhibits A–J at Rec. Docs. 16-2 thru 12, For instance, in *Jenny Y. Chow and Peter S. Chow v. United States, et al.*, 3:19-cv-00142-MMS, U.S. District Court District of Alaska, the court dismissed an almost identical complaint with prejudice "as frivolous and for lack of jurisdiction." Exhibits A & B at Rec. Docs. 16-2 thru 3. Practically identical claims were also brought by the Chows and dismissed as frivolous by the Central District of California federal court and the United States Court of Appeals for the Ninth Circuit. See Exhibits E thru H at Rec. Docs. 16-6 thru 9. "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). The

determinations of the identical issues in the prior actions were critical and necessary parts of the judgments in the earlier actions. Thusly, the doctrine of collateral estoppel prevents relitigation of those issues. See *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979); *Stovall v. Price Waterhouse Co.*, 652 F.2d 537, 540 (5th Cir. 1981);

4. The opposed motions to dismiss filed by the States of Alaska and California are **GRANTED**. Rec. Docs. 18 & 53. The instant motions are based on the immunity from being sued that's afforded to states under the Eleventh Amendment of the United States Constitution. "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or subjects of a Foreign State." U.S. Const., Amend. XI. The Eleventh Amendment precludes federal court jurisdiction over lawsuits brought by a citizen against a state, state agency, or state instrumentality. See *Regents of the Univ. of Calif. v. Doe*, 519 U.S. 425 (1997). Opponents mistakenly assert the Eleventh Amendment does not apply to lawsuits brought against two or more states. Rec. Doc. 54. An un-consenting state is immune from suits brought in federal court by her own citizens as well as citizens of another state. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 98 (1983). The Eleventh Amendment bar to suits by private citizens against a state in federal court extends to protect state actors who are acting in their official capacities. *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010) (*citing Hutto v. Finney*, 437 U.S. 678, 700, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978)). Constitutional protections are not restricted to singular application or format; each and every person and entity benefit regardless of the number of other similarly situated parties in the action. Restricting the application of Eleventh Amendment immunity to actions that name only one state would cause absurd outcomes, akin to putting form over substance. Lastly and as explained in the

foregoing numbered paragraphs, opponents fail to avoid dismissal due to the absence of jurisdiction, proper venue and cognizable claims, along with the application of res judicata and/or collateral estoppel principles;

5. The United States of America's ("Movant") opposed motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(3) and 12(b)(6) is GRANTED. Rec. Doc. 26. As previously noted, the underlying damage claims arose from events outside of the State of Louisiana between individuals, states, municipalities, state and local officials who, as part of a broadly alleged conspiratorial scheme, harmed the Chows. None of the parties reside or have connections within Louisiana. The statutory requirements for proper venue have not been met. 28 U.S.C. § 1391. Further, the complaint was untimely filed against the United States on October 16, 2019. It was not filed within six months after the February 10, 2017 mailing of the U.S. Department of Veterans Affairs determination of the Chows' claim with that federal agency.[1] The Chows attached to their complaint a March 2017 letter from the latter agency acknowledging the February 2017 determination letter. Exhibit 4 at Rec. Doc. 1-1 at 4. Despite receipt of the March 2017 mailed letter, the instant complaint was untimely filed more than six months after that mailing date. The damage claims against movant are time-barred. 28 U.S.C. § 2401(b). The plain language of 28 U.S.C. § 2401(b) requires that the statute of limitations start to run the moment the government mails notice of an FTCA claim denial. *Carr v. Veterans Admin.*, 522 F.2d 1355, 1357 (5th Cir.1975) (confirming that six-month statute of limitations begins to run on the date of mailing, not the date the plaintiff receives

---

[1] The complaint makes vague reference to the U. S. Postal Service in connection with the mailing of the Veterans Administrative letters. It also accuses the "FBI" of failing to act in response to spy and radiation surveillance and being part of a vast conspiracy to harm the Chows in violation of Fourth Amendment and other constitutional protections. However, there is no record here of a timely Federal Tort Claim Act claim being filed against either of the latter federal agencies; absent also are factual and legal support to state a viable claim against federal actors.

denial); *Childers v.. United States*, 442 F.2d 1299, 1303 (5th Cir.), *cert. denied*, 404 U.S. 857 (1971).  Lastly and for reasons previously assigned, the dismissals by other federal courts of the same claims against the same parties bar further relitigation.  Conclusory claims for conspiracy, treason, misprision of felony, etc. have been found un-cognizable or frivolous as a matter of law;

6. The opposed motion to dismiss filed by Hollins & Associates and Harold W. Green, Jr. (collectively "Movants") is GRANTED.  Rec. Doc. 30.  Basically, the complaint against movants repeat allegations of legal malpractice and ineffective representation during court proceedings in 1994, along with claims of fraud, conspiracy, treason, misprision, and other alleged acts that led to bankruptcy action and harm to the Chows shortly thereafter. As such, the complaint attempts to relitigate claims against the Chows' former lawyer that were previously dismissed by other court judgments.  Exhibits A-H at Rec. Doc. 30-2 thru 9.  The Chows practically acknowledge in their complaint that they filed this same action in other courts around the country and that those courts dismissed their claims.  See Rec. Doc. 1, pp. 1-13; Exhibit F at Rec. Doc. 30-7, *Chow et al. v. United States et al.*, 1:19cv157 (D. Wyo. Aug. 9, 2019).  Again, in their opposition to the instant motion, the Chows discuss their involvement in prior cases against movants and other defendants in this case. See Rec. Doc. 40.  They discuss court decisions dismissing similar claims made here as 'void…conspiratorial…lacked due process…" and otherwise unlawful. *Id.* There is no authority for this court to reverse or ignore standing decisions in other jurisdictions that opponents disagree with, including an appellate decision by the United States Court of Appeals for the Ninth Circuit. *Chow et al. v. City of Pomona et al*, 15-55990 (9th Cir. Sept. 17, 2015); Exhibit B, Rec. Doc. 30-3. Their complaint is barred by the doctrine of res judicata.  See also *American Furniture Co. Inc. v.*

*Int'l Accommodations Supply,* 721 F.2d 478, 482-83 (5th Cir. 1981) (res judicata may be applied to bar a plaintiff's claims where he explains his involvement and was involved in previous proceedings). For reasons given in other rulings above and applicable to parties and issues sub judice, the doctrines of res judicata and collateral estoppel prevent further consideration of the complaint. *Id.* Additionally, there is neither personal jurisdiction over litigants and claims that have no connections within this forum nor is this forum a proper venue to hear claims involving events that occurred in other states between residents of other states. *Jones v. Petty-Ray Geophysical Geosource, Inc.,* 954 F.2d 1061, 1068 (5th Cir. 1992), *cert. denied*, 506 U.S. 867 (1992; *McClintock v. Sch. Bd. E. Feliciana Par.,* 299 F. App'x 363, 365 (5th Cir. 2008). The claims are duplicative, frivolous, harassing, and vexatious.

Movants on the instant motion also seek the sanction of enjoining the Chows from filing any complaint or other pleading in any federal district court against Hollins or Green ("Movants") without first obtaining leave of the court. While movants have shown factual and legal support for sanctioning opponents' vexatious and duplicative attempts to relitigate dismissed claims, including frivolous ones, lesser alternative sanctions exist to discourage future attempts.

District courts have the power under 28 U.S.C. § 1651(a) to enjoin litigants who are abusing the court system by harassing their opponents. *McMullen v. Cain*, A-17-CA-0103-LY, 2017 WL 4510594, at *2 (W.D. Tex. Feb. 23, 2017), report and recommendation adopted, 1:17-CV-103-LY, 2017 WL 4506814 (W.D. Tex. June 22, 2017) (quoting *Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980)). "The court's power to enter such orders flows not only from various statutes and rules relating to sanctions, but the inherent power of the court to protect its jurisdiction and judgments and to control its docket." *Farguson v. MBank*

*Houston*, N.A., 808 F.2d 358, 360 (5th Cir. 1986). A pre-filing injunction "must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Id*. "Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims." *Campbell v. Maye,* A-10-CA-463 LY, 2010 WL 2671725, at *5 (W.D. Tex. June 30, 2010), *aff'd*, 428 F. App'x 382 (5th Cir. 2011) (citing Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195–97 (5th Cir. 1993)).

In determining whether to grant such relief, courts consider the following four factors: (1) the party's history of litigation, in particular whether [the party] has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions. *Paselk v. Bayview Loan Servicing, LLC,* No. 6:16-CV-1383-RWS-KNM, 2017 WL 4294130, at *7 (E.D. Tex. Aug. 11, 2017), report and recommendation adopted, No. 6:16-CV-1383-RWS-KNM, 2017 WL 4285686 (E.D. Tex. Sept. 27, 2017), *aff'd sub nom*. *Paselk v. Bayview Loan Servicing, L.L.C*., 746 F. App'x 411 (5th Cir. 2018*); Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008) (quoting *Cromer v. Kraft Foods N. Am., Inc*., 390 F.3d 812, 818 (4th Cir. 2004)).

District courts have followed the "least restrictive" sanction to ensure adherence by a pro se litigant to the Federal and Local Rules of Civil Procedure, as required. *See Baum*, 513 F.3d at 189; cf. *Ewing v. Rushmore Loan Management Servs*., No. 3:16-CV-3022-G-BK, 2018 WL 1384468, at *4–6 (N.D. Tex. Feb. 23, 2018) (granting a limited pre-filing injunction regarding the subject matter of suits brought by pro se litigant); *Budri v. FirstFleet Inc*., No. 3:19-CV-0409-N-BH, 2019 WL 5580105, at * 6 (N.D. Tex. Sept. 20, 2019) (denying a pre-filing

9

injunction because plaintiff was not previously determined to be a vexatious litigant by any court and lesser sanctions including warnings were warranted first). Additionally, the Fifth Circuit has affirmed a pre-filing injunction against a pro se plaintiff to prevent him from filing any motions, actions, or complaints in a particular federal district that directly or tangentially raised an issue adjudicated in the [sanctionable] case without first obtaining leave of the court. *Thanedar v. Time Warner, Inc.*, 352 Fed. App'x. 891, 900 (5th Cir. 2009).

While their claims have at times been found to be frivolous, the Chows have never been found to be "vexatious" litigants nor warned that they faced a broad nationwide pre-filing federal court injunction as a sanction for that finding, until now.  Accordingly, the following lesser sanctions are imposed as a reasonable least restrictive effort to discourage future vexatious, duplicative, harassing, and frivolous pleadings by the Chows: A. Their complaint and all of their claims in the captioned action shall be dismissed <u>with prejudice</u>; B. No attempt by them to amend the complaint or seek reconsideration of this order and reasons shall be allowed, because any such action would be a futile effort to revive previously dismissed baseless claims; C. Their leave to proceed *in forma pauperis* is hereby revoked, because of the instant abuse of that privilege and prior history of abusing same; and D. They are warned that the filing of similar vexatious and frivolous claims or pleadings in this District or in other federal courts may lead to imposition of a broad pre-filing injunction against them, as well as financial sanctions, e.g. court costs, attorney fees, etc., by the court(s) receiving such filings; and

7. The motion to "designate agency to make delivery of service" filed by the Chows is DISMISSED.  Rec. Doc. 39.  The motion seeks an order directing parties to resend pleadings by certified mail to the Chows due to suspicion that their mail is not being delivered correctly

or timely. However, the record of this case show that the Chows have been able to timely file response memoranda to above-noted motions, without difficulty of access to court.  Further, the dismissal of the complaint moots the instant motion.

    New Orleans, Louisiana this 23rd day of July, 2020

                                                                _____
                                                 SENIOR UNITED STATES DISTRICT JUDGE